IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WESTERN ILLINOIS SERVICE COORDINATION, et al., ) ) ) Plaintiffs, ) ) v. ) ) ILLINOIS DEPARTMENT OF HUMAN SERVICES, et al., ) ) ) Defendants, ) | Case No. 19-3127 |

OPINION

RICHARD MILLS, United States District Judge:

Defendants move to dismiss Plaintiffs' Amended Complaint.

Pending also is Plaintiffs' motion for leave to file supplemental authority.

I.  BACKGROUND

Plaintiffs Western Illinois Service Coordination, Central Illinois Service Access and DAYOne PACT are Independent Service Coordination ("ISC") entities that previously contracted with the State of Illinois to provide case management and coordination services to persons with developmental disabilities. Their consumers include F.L., C.H. and A.H., who are individual Plaintiffs.

The Plaintiffs bring suit against the Illinois Department of Human Services ("DHS"), an agency of the State of Illinois; the Division of Developmental Disabilities, a division within the Department; and State officials of the Department within their official capacities.

The Plaintiffs filed suit asking the Court to: (1) issue a declaratory judgment that Defendants' actions violated the Federal Medicaid Act; (2) issue a declaratory judgment that Defendants' actions violated the Illinois Administrative Procedures Act; and (3) issue preliminary and permanent injunctive relief to enjoin the Defendants from entering or taking action to implement any contracts for ISC entities for fiscal year 2020, and to stay Defendants from entering into or acting upon any contracts for fiscal year 2020.  The Defendants seek dismissal for the following reasons: (1) the Eleventh Amendment bars the Plaintiffs' claims for permanent injunctive relief based on alleged violations of state law; (2) the Plaintiffs' request for preliminary injunctive relief is now moot; and (3) the Plaintiffs fail to state a claim for relief and their complaint should be dismissed pursuant to Rule 12(b)(6).

The Plaintiffs claim the Court should deny the State Defendants' motion to dismiss because sovereign immunity does not bar actions against State officials acting in excess of their authority, because ISC entities are providers under the Illinois Medicaid home and community based waiver and because the contracts exception of the Illinois Administrative Procedure Act is not applicable in this case.

They further assert the Court should deny the Defendants' motion because the Notice of Funding Opportunity was subject to the Grant Accountability and Transparency Act and because federal regulations exempt Medicaid funds from the merit based review process created by the ISC Notice of Funding Opportunity.

The supplemental authority that Plaintiffs seek to introduce is the Illinois Auditor General's (IAG) April 3, 2020 audit of the DHS process for selecting ISC agencies for fiscal year 2020. The audit was conducted pursuant to an Illinois House of Representatives Resolution, which directed the Auditor General to examine whether Department of Human Services' process complied with federal and state regulations at issue in this case.

## II. DISCUSSION

At this stage, the Court accepts as true all of the facts alleged in the complaint and draws all reasonable inferences therefrom. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). "[A] complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis." *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal quotation marks omitted). Courts must consider whether the complaint states a "plausible" claim for relief. *See id.* The complaint must do more than assert a right to relief that is "speculative." *See id.* However, the claim need not be probable: "a well-pleaded complaint may proceed

even if . . . actual proof of those facts is improbable, and . . . a recovery is very remote and unlikely." *See Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Id.*

Eleventh Amendment immunity

The Defendants contend that the Eleventh Amendment bars Plaintiffs' claim for permanent injunctive relief based on alleged violations of state law. The Plaintiffs claim that because they allege an ongoing violation of law, their allegations are sufficient to overcome the Defendants' immunity claim. Moreover, they assert that the State's agents acted in excess of their authority and in violation of the Medicaid Act and the Illinois Administrative Procedure Act when they developed the ISC Notice of Funding Opportunity process.

Subject to the Supreme Court's holding in *Ex Parte Young* and its progeny permitting suits challenging the constitutionality of a state official's action, a claim based on the premise that an individual violated state law in carrying out his or her official duties is barred by the Eleventh Amendment. *Ex Parte Young*, 209 U.S. 123 (1908). In the absence of consent, the general rule is that private individuals cannot

sue a state in federal court. *See McDonough Assoc., Inc. v. Grunloh*, 722 F.3d 1043, 1049 (7th Cir. 2013). Similarly, the Eleventh Amendment bars a suit against state officials when the state is "the real party in interest." *See Turpin v. Koropchak*, 567 F.3d 880, 882-83 n.4 (7th Cir. 2009).

"*Ex parte Young* recognized what has become one of several well-established exceptions to the Eleventh Amendment bar on suing states in federal court, permitting private citizens to sue state officials in their official capacities to require them to comply with federal law on an ongoing basis." *McDonough Assoc.*, 722 F.3d at 1049-50 (citing *Ex Parte Young*, 209 U.S. 123 (1908)). Moreover, when a plaintiff alleges that state officials or employees violated "statutory or constitutional law," they receive no sovereign immunity protection. *See Murphy v. Smith*, 844 F.3d 653, 658-59 (7th Cir. 2016). "This exception is premised on the principle that while legal official acts of state officers are regarded as acts of the State itself, illegal acts performed by the officers are not." *Id.* at 659 (citation omitted). The exception recognized by Illinois courts "distinguishes Illinois's sovereign immunity rule from federal law immunity doctrines, which usually apply to bar claims regardless of their potential merit." *Id.* (citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 92-93, 120-21 (1984)) (reversing on Eleventh Amendment immunity grounds a judgment on the merits for the plaintiffs). The Illinois exception for illegal

5

acts by state officials is similar to the federal rule in *Ex Parte Young*, though it is much broader. *Id.* n.2.

The Plaintiffs' allegation that Defendants violated the Medicaid Act includes a claim that the violation is ongoing. Upon accepting this allegation as true and drawing reasonable inferences in favor of the Plaintiffs, the Court concludes that Plaintiffs have alleged a claim that is sufficient to overcome an immunity defense at this stage of the litigation.

The Plaintiffs also allege the Defendants have violated the Illinois Administrative Procedures Act in failing to properly promulgate rules related to the ISC Notice of Funding Opportunity. They further assert the rules and procedures under the Notice of Funding Opportunity violate state and federal law, in addition to the Plaintiffs' rights and privileges under the Illinois Administrative Procedures Act. The Plaintiffs claim the Defendants violated that Act when policies and procedures were formally promulgated in the ISC Notice of Funding Opportunity and Defendants subsequently applied those policies and procedures when reviewing and denying Plaintiffs' application. When these allegations are accepted as true at this stage, the Court finds that Plaintiffs' claim of a statutory violation is sufficient to withstand a motion to dismiss based on sovereign immunity.

Accordingly, the Court concludes that sovereign immunity does not bar the Plaintiffs' claims.

Preliminary injunctive relief

The Defendants allege the Plaintiffs' request for preliminary injunctive relief is now moot, given that the contracts went into effect on July 1, 2019. Mootness leaves federal courts "without power to decide questions that cannot affect the rights of litigants in the case before [us]." *Western Illinois Serv. Coordination v. Illinois Dep't of Human Servs.*, 941 F.3d 299, 302 (7th Cir. 2019) (citation omitted).

In the previous appeal in this case, the Seventh Circuit determined that Plaintiffs' "appeal extends no further than the plaintiffs' challenge to the district court's denial of their request for preliminary injunctive relief to stop the new contracts from taking effect." *Id*. The Defendants claim that, given the new contracts went into effect as scheduled on July 1, 2019, the Plaintiffs' request for preliminary injunctive relief is now moot. The Plaintiffs allege that the general rule is that agency actions taken under a void rule have no legal effect.

The Seventh Circuit's opinion notes that Plaintiffs "acknowledge it would be difficult and likely even more harmful to their clients to change course once again, particularly in the absence of evidence showing that any of the news ISCs have dropped the ball in their provision of case management services." *Western Illinois*

7

*Serv. Coordination*, 941 F.3d at 302. The Defendants contend that the preliminary injunctive relief requested by the Plaintiffs in paragraph 157 in their amended complaint "to maintain funding to Plaintiffs and stay Defendants from <u>entering into or acting upon</u> any contracts implementing the ISC NOFO for fiscal year 2020" is moot.

Given that the appeal of the denial of the Plaintiffs' motion for preliminary injunction was deemed moot by the Seventh Circuit, *see Western Illinois Serv. Coordination*, 941 F.3d at 302, the Court concludes that any claim for preliminary injunctive relief is moot and will be dismissed.

<u>Medicaid Act claims—ISC entities and services they provide</u>

The Defendants allege the Plaintiffs cannot state a claim for relief as to the Medicaid Act because ISC entities perform administrative functions under the Illinois Medicaid program and are not providers of medical assistance.

In paragraph 4 of the amended complaint, the Plaintiffs allege that Defendants' actions violate 42 U.S.C § 1396a(a)(23) ("Medicaid freedom of choice provision") "because, by utilizing a competitive, selective bidding scheme, Defendants prevent ISC consumers from receiving services from the qualified, willing provider of their choice." The Defendants contend that the plain language

of the statute indicates that the Medicaid freedom of choice provision applies only to medical assistance.

The home and community-based waiver program permits "states to diverge from the traditional Medicaid structure by providing community-based services" to targeted populations under waiver programs. *See Steimel v. Wernert*, 823 F.3d 902, 907 (7th Cir. 2016). The Defendants note that the waiver authorizes each state with "broad discretion to design its waiver program to address the needs of the waiver's target population." This discretion includes the choice between providing case management services as part of the participant waiver services or providing case management services as administrative services. The Defendants state that the waiver at issue shows that the Illinois Department of Human Services chose to designate case management services as an administrative activity, and not as part of the participant waiver services. The federal Centers for Medicare & Medicaid Services (CMS) approved the waiver, including the choice of the Illinois program to designate case management services as an administrative activity.

The Defendants contend because of that designation, any case management services rendered by ISC entities do not fall within the designation of medical assistance under the federal Medicaid Act. They allege the case management services provided by ISC entities are not subject to the "free-choice-of-provider" provision under the Medicaid Act.

The Defendants state the waiver provides that, pursuant to its contractual agreement with the State, the ISC entities are prohibited from providing direct service to waiver participants. Rather, "[t]he ISC is responsible for informing participants that a listing of all qualified providers by type of provider is available on the [State's] website." In its Opinion and Order denying the Plaintiffs' motion for a preliminary injunction, the Court determined that ISC entities are not medical providers and are "thus not within the purview of § 1396a(a)(23)." Doc. No. 39, at 24.

Section 1396a(a)(23)(A) provides that State Medicaid plans must allow beneficiaries to obtain "medical assistance from any institution, agency, community pharmacy, or person, qualified to perform the service or services required (including an organization which provides such services, or arranges for their availability, on a prepayment basis), who undertakes to provide him such services." 42 U.S.C. § 1396a(a)(23)(A).

The Defendants allege § 1396a(a)(23) does not stand for unlimited access to choice as ISC entities are prohibited from providing direct services. Rather, ISC entities are under contract with the State to provide services to connect individual participants with qualified providers of services. *See Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. of Health*, 699 F.3d 962, 968 (7th Cir. 2012) ("'[Q]ualified' means fit to provide the necessary medical services—

that is, capable of performing the needed medical services in a professionally competent, safe, legal, and ethical manner.").

The Defendants contend that, because the services ISC entities provide are designed as an administrative activity under the Illinois Medicaid program, the Court should dismiss the Plaintiffs' claims under the federal Medicaid Act for failure to state a claim upon which relief can be granted.

The Plaintiffs claim that the services provided by the Defendants are not entirely administrative in nature simply because they were designated by Defendants as such. They allege the ISC Notice of Funding Opportunity "bundles" Individual Service and Support Advocate activities together with other services that are primarily administrative in nature. The Plaintiffs assert the vast majority of services provided by ISC agencies, including the case management services provided by Independent Service and Support Advocates, do not qualify as administrative activities. These support advocates provide hands-on and dedicated support to consumers, such as providing consumers safe transportation home for holidays, connecting consumers with family, assisting consumers with securing housing and providing crisis intervention services. The Plaintiffs contend these services extend beyond the scope of administrative case management. They further claim that the bundling of administrative activities with case management services does not convert the latter into administrative activities. The federal regulations provide that

State Operating Agencies may only bundle service definitions together if it "will permit more efficient delivery of services and not compromise either a beneficiary's access to or free choice of providers." 42 C.F.R. § 441.301(b)(4).

The Plaintiffs further note that the IAG's audit noted that the Illinois Department of Healthcare and Family Services is the Medicaid Agency and subject matter expert on Medicaid for Illinois. It has been the position of Department of Healthcare and Family Services that funding for ISC agencies is not subject to competitive bidding requirements under the Grant Accountability and Transparency Act because of the exemption for Medicaid funding under the federal Uniform Guidelines. The audit provides that Department of Healthcare and Family Services was granted an exception to competitively bid ISC funding from the Grant Accountability and Transparency Unit in 2016. The Plaintiffs allege the audit provides that despite the guidance from Department of Healthcare and Family Services and the Grant Accountability and Transparency Unit, DHS subjected ISC agencies to a competitive selection process and stated on multiple occasions, including in a letter to the Illinois General Assembly dated March 19, 2019, that it was required by the Grant Accountability and Transparency Act to adopt a Notice of Funding Opportunity/competitive bidding process for IASC funding. DHS General Counsel informed the IAG, "At the time the NOFO was issued, IDHS believed that it was subject to GATA's NOFO requirements. Under the new

Administration, in April 2019, IDHS ultimately determined, in consultation with HFS and GATU, that the NOFO was covered by the Medicaid exemption. . . ." The Plaintiffs contend the reason Medicaid funding is exempt from competitive bidding requirements is because, under Medicaid law, 42 U.S.C. § 1396a(a)(23)(A), consumers have the right to choose any provider who is willing and qualified to provide services.

In denying the Plaintiffs' motion for a preliminary injunction, the Court found that the ISC entities were not "qualified" under § 1396a(a)(23) because they cannot "provide the necessary medical services. . . in a professionally competent, safe, legal, and ethical manner." *Planned Parenthood*, 699 F.3d at 968  While they do very important work, these entities perform administrative activities under the Illinois Medicaid program and not medical assistance.  The services provided by the ISC agencies were categorized under the DHS' home and community-based waiver program as administrative activities, a designation that was approved by CMS. Because the "free-choice-of-provider" provision applies only to medical assistance, the Court concludes that Plaintiffs cannot maintain a viable claim under the federal Medicaid Act.  Nothing in the supplemental authority submitted by the Plaintiffs changes that.  Accordingly, the Court concludes that Plaintiffs are unable state a claim for relief as to the Medicaid Act asserted in Count I.

### III.   CONCLUSION

Having determined that ISC entities are not medical providers, the Court concludes they are not within the purview of § 1396a(a)23 and the claims under the federal Medicaid Act will be dismissed.  Because there are no remaining federal claims, the Court declines to exercise supplemental jurisdiction as to the remaining state law claims.  *See* 28 U.S.C. § 1367(c)(3).

Ergo, the Motion to Dismiss the Plaintiffs' Amended Complaint [d/e 51] is GRANTED.

The claims asserted in Count I are Dismissed with Prejudice.

The Court declines to exercise supplemental jurisdiction over the remaining state law claims.  Therefore, Count II is Dismissed without Prejudice.

The Plaintiffs' Motion for Leave to File Supplemental Authority [d/e 56] is GRANTED.

The Clerk will enter Judgment and terminate this case.

ENTER: September 29, 2020

        FOR THE COURT:

        /s/ *Richard Mills*
        Richard Mills
        United States District Judge